HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CUONG TRAN, an individual;<br>HUY TRAN, an individual;<br>KET TRAN, an individual; and,<br>TRAM VO, individually, and as Guardian on behalf of her three, minor children KT, ET, and VT,<br>        Plaintiff,<br>vs.<br><br>THE BOEING COMPANY;<br>SPIRIT AEROSYSTEMS, INC.;<br>ALASKA AIRLINES, INC.; and<br>JOHN DOES 1–10;<br><br>        Defendants. | Case No.: 2:24-cv-00791-RSM<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

COME NOW the parties and submit the following Joint Status Report and Discovery Plan[1].

**1.    NATURE AND COMPLEXITY OF CASE**

This case involves complex issues related to allegations of injury, product liability, manufacturing defect, and breaches of common carrier obligations alleged to arise out of the separation of a mid-exit door (MED) plug during Alaska Airlines Flight 1282 on January 5, 2024. Boeing, Spirit, and Alaska deny liability and assert various defenses to Plaintiffs' claims.

---

[1] Plaintiffs' position: A Joint Status Report and Discovery Plan will be filed in the Berry Plaintiff Group case which will be nearly identical in substance but with slight changes to conform it to the timeline of that specific matter.

JOINT STATUS REPORT AND DISCOVERY PLAN - 1

Boeing, Spirit, and Alaska deny liability and assert various defenses to Plaintiffs' claims.

Plaintiffs' position: The Tran Plaintiff Group, joined by the Berry Plaintiff Group, *Berry, et al. v. The Boeing Company, et al.*, No. 2:24-cv-00134-RSM (W.D. Wash.), has filed a Motion to Consolidate these cases.

Defendants' position: Defendants propose consolidation for discovery only, will oppose Plaintiffs' pending motion as written, and will oppose the Berry Plaintiff Group's anticipated motion under Rule 39.

## 2. PROPOSED DEADLINE FOR JOINING ADDITIONAL PARTIES

Plaintiffs' position: The parties request that the Court set a deadline of January 6, 2025, to add additional parties which may become known through discovery.

Defendants' position: Defendants request that the Court set a deadline of January 6, 2025 to add additional defendants if further discovery warrants.

## 3. CONSENT TO ASSIGNMENT TO U.S. MAGISTRATE JUDGE

The parties do not consent to the assignment of this matter to a full time United States Magistrate Judge.

## 4. PROPOSED DISCOVERY PLAN

### A. INITIAL DISCLOSURES

The parties participated in a FRCP 26(f) conference on September 6, 2024. The court issued an Order on May 6, 2024, staying court deadlines. The parties will exchange Initial Disclosures by October 10, 2024, pursuant to agreement.

### B. SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED, TIMING OF DISCOVERY, AND WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES

The parties propose the following discovery plan: Interrogatories, requests for production, requests for admission, and depositions. The parties will comply with the Federal

JOINT STATUS REPORT AND DISCOVERY PLAN - 2

Rules of Civil Procedure and Local Court Rules concerning discovery matters. The parties agree that discovery will commence pursuant to Fed. R. Civ. P. 33. The parties may need to conduct additional discovery on other issues as warranted.

Plaintiffs anticipate conducting the depositions of defendant employees responsible for the design, manufacturing, and maintenance of the subject aircraft; defendant employees involved in the incident; and 30(b) designees. Plaintiffs also anticipate deposing defense experts pursuant to Rule 26(f) once such have been identified.

Defendants anticipate conducting the depositions of Plaintiffs, third parties with knowledge regarding any alleged injuries or claimed damages, and Plaintiffs' treating health care providers. Defendants also anticipate deposing plaintiff and defense experts, the names of which have not yet been identified.

### C. ELECTRONICALLY STORED INFORMATION

The parties do not anticipate any issues concerning the disclosure of, or discovery of, electronically stored information or data. In the event issues of this nature arise, the parties agree to work together to resolve all issues before filing any motions with the court.

Defendants believe there is a likelihood that information exchanged will include confidential, proprietary, and/or export-controlled information. As a result, Defendants plan to move the Court for entry of a protective order prior to the exchange of electronically stored information or data.

### D. PRIVILEGE ISSUES

The Second Amended Complaint in this action pertains to an aviation incident that occurred on January 5, 2024, and which is currently the subject of an ongoing investigation by the United States National Transportation Safety Board ("NTSB"). Defendants Boeing, Alaska, and Spirit are parties to the NTSB investigation. Federal law (49 U.S.C. § 1114(f) and 49 C.F.R.

§ 831.13) prohibits parties to an NTSB investigation from disclosing certain investigation-related information while the investigation is ongoing. As a result, Boeing, Alaska, and Spirit are prohibited at this time from releasing certain NTSB investigation-related information to any person not a party to the investigation without prior consultation and approval of the NTSB. To the extent disclosure of such information is not permitted, Boeing, Alaska, and Spirit will designate it as subject to "NTSB Investigation Privilege" and withhold it from production until such a time that disclosure is allowed. All documents designated as "NTSB Investigation Privilege" will be identified on a Privilege Log. As used herein, "NTSB investigation-related information" means information pertaining to the NTSB investigation as defined by 49 C.F.R. § 831.13(a).

If responsive documents are identified that are marked as containing Sensitive Security Information ("SSI"), the producing party will provide a log of such documents. If any party seeks to obtain access to documents marked as SSI, that party has the burden of contacting TSA and/or seeking a review of the documents under the TSA's 525(d) process, wherein individuals may obtain access to SSI in civil litigation by demonstrating substantial need for the information in preparation of their case and passing a TSA background check. *See Sensitive Security Information for Use in Litigation*, DEP'T OF HOMELAND SECURITY (Dec. 28, 2006) https://www.dhs.gov/publication/sensitive-security-information-use-litigation; *Ibrahim v. Dep't of Homeland Security*, 669 F.3d 983, 998 (9th Cir. 2012).

Plaintiffs' position: Plaintiffs assert that Defendants, who are obligated to "safeguard SSI . . . from unauthorized disclosure" under 49 C.F.R. § 1520.9(a), must bear the burden of submitting any information they initially mark as protected SSI to the TSA for analysis. Any privilege log provided to Plaintiffs must indicate whether the described materials have been submitted for TSA review. In anticipation of receiving information that the TSA determines to

be SSI, Plaintiffs' counsel and any necessary individuals will seek the appropriate clearance from the TSA.

### E.     PROPOSED LIMITATIONS ON DISCOVERY

Plaintiffs' position: Since the Plaintiffs will likely be consolidated, they need to exceed the limit of 10 depositions. These depositions include, among others: (a) the pilots, flight attendants, aircraft maintenance personnel, and other employees of Defendants involved in all aspects of the subject flight including preflight, flight, the subject incident, and the aftermath suffered by Plaintiffs as a result of the incident. Plaintiffs estimate 15 to 20 depositions; (b) Rule 30(b)(6) depositions for each of the three Defendants; (c) individuals involved in and responsible for the installation and maintenance of the MED panel. Plaintiffs estimate 5 to 10 depositions; and (d) others not yet identified—estimated 10 depositions. In total, Plaintiffs anticipate 30-40 depositions.

Defendants' position: The Defendants propose this matter be consolidated with *Berry, et al. v. The Boeing Company, et al.,* No. 2:24-cv-00134-RSM (W.D. Wash.), for purposes of discovery only. With respect to liability discovery, Defendants propose that the Tran and Berry Plaintiffs Groups, combined, be permitted 10 depositions per Defendant. With respect to damages discovery, Defendants anticipate 3 depositions per Plaintiff, subject to expansion based on each Plaintiffs' witness disclosures. The parties are entitled to depose every expert disclosed by any party. Expert depositions shall not count against these deposition limits.

If additional depositions are necessary, the parties agree to discuss and attempt to reach a written stipulation as contemplated by F.R.C.P. 30(a)(2). If the parties cannot reach agreement, any party may seek leave of Court to increase the limit on the number of depositions.

Perpetuation depositions for use at trial should not be included in the limitation on the number of depositions.

      F.     **ANY OTHER ORDERS THAT SHOULD BE ENTERED BY THE COURT REGARDING DISCOVERY**

Not anticipated.

**5.     PARTIES' VIEWS, PROPOSALS AND AGREEMENTS**

      A.     **PROMPT CASE RESOLUTION**

The parties do not currently have a proposal for prompt case resolution.

      B.     **ALTERNATIVE DISPUTE RESOLUTION**

The parties agree that mediation should occur at least 90 days before the trial date.

      C.     **RELATED CASES**

The parties conferred regarding Plaintiffs' proposal to consolidate this case with *Berry, et al. v. The Boeing Company, et al.*, No. 2:24-cv-00134-RSM (W.D. Wash.).

Plaintiffs' position: Plaintiffs propose consolidation for all purposes and have filed a motion to that end.

Defendants' position: Defendants propose consolidation for discovery only.

The parties are also currently aware of the following additional cases involving the January 5, 2024, MED plug separation that occurred on Alaska Airlines Flight 1282:

    (1)  *Talley, et al. v. The Boeing Company, et al.*, No. 24-2-00985-0 SEA (Wash. Super. Ct, King Cty.)

    (2)  *Kwok, et al. v. The Boeing Company, et al.*, No. 3:24-cv-00489 (D. Or.)

    (3)  *Moise et al. v. The Boeing Company, et al.*, No. 2:24-cv-03942 (C.D. Cal.) (dismissed as to Boeing and Spirit due to lack of personal jurisdiction)

      D.     **DISCOVERY MANAGEMENT**

The parties agree to use their best efforts to exchange copies of expert witness files one (1) week before the respective expert depositions. The parties will work together to resolve

discovery disputes prior to filing any motions. The parties do not believe that a special discovery judge is necessary for this matter.

    **E.**  **ANTICIPATED DISCOVERY SOUGHT**

See 4(B) above.

    **F.**  **PHASING OF MOTIONS**

The parties do not see the need for phasing motions at this time.

    **G.**  **PRESERVATION OF DISCOVERABLE INFORMATION**

The parties will comply with applicable rules requiring the preservation of discoverable information.

    **H.**  **PRIVILEGE ISSUES**

See 4(D) above.

    **I.**  **MODEL PROTOCOL FOR DISCOVERY OF ESI**

The parties anticipate that this case will involve the preservation and production of Electronically Stored Information. The parties anticipate working cooperatively to develop an agreed ESI protocol.

    **J.**  **ALTERNATIVES TO MODEL PROTOCOL**

N/A

**6.**  **DATE BY WHICH DISCOVERY CAN BE COMPLETED**

The parties believe that discovery can be completed 120 days before the trial date.

**7.**  **BIFURCATION**

Plaintiffs' position: Plaintiffs maintain that bifurcation is not appropriate for this case either as to liability/damages. Plaintiffs also maintain that these cases should be consolidated and tried together as a single mass tort in the interests of fairness and judicial economy.

Defendants' position: Given the number of individual plaintiffs and the potential need to conduct separate trials, Defendants anticipate requesting the Court bifurcate trial as between liability and damages. Bifurcation of damages trials among the Plaintiffs may also be appropriate.

**8.   PRETRIAL STATEMENTS AND PRETRIAL ORDER**

The parties agree pretrial statements are necessary and that the pretrial order should be issued by the Court.

**9.   SUGGESTIONS FOR SHORTENING OR SIMPLIFYING CASE**

The parties have no suggestions at this time for shortening or simplifying the case.

**10.   DATE READY FOR TRIAL**

Plaintiffs position.  Plaintiffs believe that this matter will be ready for trial **no later than** January 6, 2026, due to the following:

   A.  The number of plaintiffs involved (54);

   B.  The likelihood that some Defendants Boeing will admit to liability before trial;

   C.  The number of defendants (3) and their varying roles and responsibilities for the events on January 5, 2024;

   D.  The likely volume of discovery production in this products liability case; and

   E.  The number of depositions anticipated for Plaintiffs and Defendants.

Defendants' position:  Defendants believe that this matter will be ready for trial no earlier than September 18, 2026, due to the following:

   F.  The number of plaintiffs involved (7 in this case)

   G.  The number of defendants (3) and their varying roles and responsibilities for the events on January 5, 2024;

H.  The ongoing NTSB investigation, which impacts the discovery process;

I.  The likely volume of discovery production in this products liability case; and

J.  The number of depositions anticipated for each plaintiff and each defendant.

**11.  TYPE OF TRIAL**

The Tran Plaintiff Group timely filed a demand for jury trial pursuant to Local Rule 38. The Berry Plaintiffs' Group may file a motion for jury trial pursuant to Rule 39.

Defendants' position: Defendants will oppose any motion for a jury trial filed by the Berry Plaintiffs' Group.

**12.  NUMBER OF TRIAL DAYS REQUIRED**

Plaintiffs position.  Plaintiffs estimate that 75 days will be required to try this case.

Defendants' position: Defendants do not agree that a single trial is appropriate for the reasons stated in Sections 10 and 11. Defendants estimate that 20 days will be required to try liability, and further estimate that an average of 5 days per Plaintiff family to try damages will be required to try damages.

**13.  NAMES, ADDRESSES, AND TELEPHONE NUMBERS OF ALL TRIAL COUNSEL**

| **Counsel for Tran Plaintiffs** | **Counsel for The Boeing Company** |
|---|---|
| Timothy Loranger, admitted PHV<br>Ari Friedman, admitted PHV<br>Wisner Baum LLP<br>1111 Santa Monica Blvd, Suite 1750<br>Los Angeles, CA 90025<br>afriedman@wisnerbaum.com<br>tloranger@wisnerbaum.com | Mack H. Shultz<br>Christopher M. Ledford<br>Breanna C. Philips<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3009<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>MShultz@perkinscoie.com<br>CLedford@perkinscoie.com<br>BPhilips@perkinscoie.com |

| | |
|---|---|
| Brian D. Weinstein, WSBA No. 24497<br>Alexandra B. Caggiano, WSBA No. 47862<br>Dylan J. Johnson, WSBA No. 54147<br>Weinstein Caggiano PLLC<br>600 University Street, Suite 1620<br>Seattle, WA 98101<br>brian@weinsteincaggiano.com<br>alex@weinsteincaggiano.com<br>dylan@weinsteincaggiano.com<br><br>**Counsel for Spirit AeroSystems, Inc.**<br><br>James E. Breitenbucher, WSBA #27670<br>Fox Rothschild LLP<br>1001 Fourth Avenue, Suite 4400<br>Seattle, WA 98154<br>jbreitenbucher@foxrothschild.com<br><br>Diane Westwood Wilson (admitted PHV)<br>Fox Rothschild LLP<br>101 Park Avenue, 17th Floor<br>New York, NY 10017<br>dwilson@foxrothschild.com<br><br>Mark A. Dombroff (admitted PHV)<br>Mark E. McKinnon (admitted PHV)<br>Morgan W. Campbell (admitted PHV)<br>Fox Rothschild LLP<br>2020 K Street, Suite 500<br>Washington, DC 20006<br>mdombroff@foxrothschild.com<br>mmckinnon@foxrothschild.com | **Counsel for Alaska Airlines, Inc.**<br><br>Caryn Geraghty Jorgensen<br>Brett T. MacIntyre<br>Rachael R. Wallace<br>McKenzi A. Hoover<br>Stokes Lawrence, P.S.<br>1420 Fifth Avenue, Suite 3000<br>Seattle, WA 98101-2393<br>Telephone: 206.626.6000<br>Facsimile: 206.464.1496<br>caryn.jorgensen@stokeslaw.com<br>brett.macintyre@stokeslaw.com<br>rachael.wallace@stokeslaw.com<br>mckenzi.hoover@stokeslaw.com |

### 14. UNAVAILABLE DATES FOR TRIAL

Plaintiffs' counsel is unavailable for trial before January 2026.

Defendant's counsel notes the following dates on which the parties are not available after September 18, 2026:

Counsel for Defendant Boeing: None.

Counsel for Defendant Spirit: None.

Counsel for Defendant Alaska: None.

JOINT STATUS REPORT AND DISCOVERY PLAN - 10

For the Court's awareness, the Talley matter is currently set for trial beginning on March 16, 2026 in King County Superior Court; the Kwok matter is currently set for trial beginning June 2, 2026 in the U.S. District Court for the District of Oregon; and the Moise matter is currently set for trial beginning July 20, 2026 in the U.S. District Court for the Central District of California.

**15.   SERVICE OF PROCESS**

The Defendants have been served.

**16.   WHETHER ANY PARTY WISHES A SCHEDULING CONFERENCE PRIOR TO ENTRY OF A SCHEDULING ORDER**

The parties do not need a scheduling conference prior to the entry of a Scheduling Order.

**17.   DATES THAT EACH NONGOVERNMENTAL CORPORATE PARTY FILED ITS DISCLOSURE STATEMENT**

Boeing: February 1, 2024 (Dkt. 5)

Alaska: February 1, 2024 (Dkt. 7)

Spirit: June 12, 2024 (Dkt. 51)

DATED:  October 2, 2024

/s/ Timothy A. Loranger
Timothy Loranger, admitted PHV
Ari Friedman, admitted PHV

Wisner Baum
1111 Santa Monica Blvd, Suite 1750
Los Angeles, CA 90025
afriedman@wisnerbaum.com
tloranger@wisnerbaum.com
**Co-Counsel for Tran Plaintiffs**

DATED:  October 2, 2024

/s/ Mack H. Shultz
Mack H. Shultz, WSBA #27190
Christopher M. Ledford, WSBA #44515
Breanna C. Philips, WSBA #58757
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3009
Telephone: 206.359.8000
Facsimile: 206.359.9000
MShultz@perkinscoie.com
CLedford@perkinscoie.com
BPhilips@perkinscoie.com
**Counsel for The Boeing Company**

| | | |
|---|---|---|
| 1 | DATED:  October 2, 2024 | DATED: October 2, 2024 |
| 2 | /s/ Alexandra B. Caggiano | /s/ James E. Brietenbucher |
| | Brian D. Weinstein, WSBA No. 24497 | James E. Breitenbucher, WSBA #27670 |
| 3 | Alexandra B. Caggiano, WSBA No. 47862 | Fox Rothschild LLP |
| | Dylan J. Johnson, WSBA No. 54147 | 1001 Fourth Avenue, Suite 4400 |
| 4 | Weinstein Caggiano PLLC | Seattle, WA 98154 |
| | 600 University Street, Suite 1620 | jbreitenbucher@foxrothschild.com |
| 5 | Seattle, WA 98101 | |
| | brian@weinsteincaggiano.com | Diane Westwood Wilson (admitted PHV) |
| 6 | alex@weinsteincaggiano.com | Fox Rothschild LLP |
| | dylan@weinsteincaggiano.com | 101 Park Avenue, 17th Floor |
| 7 | **Co-Counsel for Tran Plaintiffs** | New York, NY 10017 |
| | | dwilson@foxrothschild.com |
| 8 | | Mark A. Dombroff (admitted PHV) |
| | | Mark E. McKinnon (admitted PHV) |
| 9 | | Morgan W. Campbell (admitted PHV) |
| | | Fox Rothschild LLP |
| 10 | | 2020 K Street, Suite 500 |
| | | Washington, DC 20006 |
| 11 | | mdombroff@foxrothschild.com |
| | | mmckinnon@foxrothschild.com |
| 12 | | **Counsel for Spirit Aerosystems, Inc.** |
| 13 | | |
| | | DATED: October 2, 2024 |
| 14 | | |
| | | /s/ Caryn Geraghty Jorgensen |
| 15 | | Caryn Geraghty Jorgensen, WSBA #27514 |
| | | Brett T. MacIntyre, WSBA #46572 |
| 16 | | Rachael R. Wallace, WSBA #49778 |
| | | McKenzi A. Hoover, WSBA #58635 |
| 17 | | STOKES LAWRENCE, P.S. |
| | | 1420 Fifth Avenue, Suite 3000 |
| 18 | | Seattle, WA 98101-2393 |
| | | Telephone: 206.626.6000 |
| 19 | | Facsimile: 206.464.1496 |
| | | caryn.jorgensen@stokeslaw.com |
| 20 | | brett.macintyre@stokeslaw.com |
| | | rachael.wallace@stokeslaw.com |
| 21 | | mckenzi.hoover@stokeslaw.com |
| | | **Counsel for Alaska Airlines, Inc.** |

JOINT STATUS REPORT AND DISCOVERY PLAN - 12