UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CUONG TRAN, an individual; HUY TRAN, an individual; KET TRAN, an individual; and TRAM VO, individually, and as Guardian on behalf of her three, minor children KT, ET, and VT, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY; SPIRIT AEROSYSTEMS, INC.; ALASKA AIRLINES, INC.; and JOHN DOES 1-10, <br><br> Defendants. | CASE NO. C24-791RSM <br><br> ORDER DENYING SECOND STIPULATED MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on the parties' second Stipulated Motion for Protective Order, Dkt. #55.  The Court denied the parties' first Stipulated Motion for Protective Order.  *See* Dkt. #49.

"The court may enter a proposed stipulated protective order as an order of the court if it adequately and specifically describes the justification for such an order, it is consistent with court rules, it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 1

are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal." LCR 26(c)(2).

The Court finds that the proposed protective order fails to conform to the above requirements. Under the section entitled Confidential Material, the Court's Model Protective Order instructs: "[t]he parties must include a list of specific documents such as 'company's customer list' or 'plaintiff's medical records;' do not list broad categories of documents such as 'sensitive business material.'" The instant proposed protective order lists as confidential, *inter alia*: "non-public information about Boeing airplane sales;" "non-public information about the design, manufacturing, certification, marketing, sale, delivery, maintenance, repair and performance of Boeing airplanes and their components and system;" and "non-public information about revenue, pricing, company expenses, profitability, or competitively-sensitive material." *Id*.

The Court finds that the parties have impermissibly left the door open to labeling a wide variety of documents as confidential. The parties have not followed the Court's suggestion to list specific documents and instead include vague categories such as "sales," "marketing," "manufacturing," and "delivery" information as related to "Boeing airplanes." These labels could conceivably swallow up *all* records produced in this case. The proposed order once again improperly includes a catch-all provision that directs the attorneys to label as confidential anything that the parties say is "competitively-sensitive material." The parties submit no argument to justify a departure from the model protective order's guidelines. Accordingly, this Motion will be denied.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the parties' second Stipulated Motion for Protective Order, Dkt. #55, is

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 2

DENIED.    The Court advises the parties to come up with a narrower list of confidential documents and to re-submit this motion.

DATED this 14th day of May, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING STIPULATED MOTION FOR PROTECTIVE ORDER – 3